**In the Matter of Kenneth C. EAGER.**

No. 98S00–9702–DI–162.

Supreme Court of Indiana.

April 14, 1999.

Kenneth C. Eager, pro se.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM

The Disciplinary Commission charges that attorney Kenneth C. Eager neglected the legal affairs of clients in each of seven counts, falsified documents in an effort to conceal his neglect, and forged a judge's signature. A hearing officer appointed by this Court to hear this matter concluded, following a full evidentiary hearing which included the admission of the parties' stipulated facts, that the respondent engaged in misconduct as charged. This matter is now before this Court for final resolution. The respondent's admission to the bar of this state in 1992 confers on this Court disciplinary jurisdiction in this matter.

During periods relevant to the matters at issue here, the respondent was employed as an associate in a LaPorte County, Indiana law firm. Under Count I of the Commission's *Verified Complaint for Disciplinary Action*, we find that a client hired the respondent in 1994 to form a corporation and obtain tax deeds to certain property in the name of the corporation. The respondent failed to complete either task. In March 1995 the client inquired about the status of the incorporation and deeds. The respondent falsely reported that the matters were completed. Shortly thereafter, the respondent created false articles of incorporation purportedly signed by the Indiana secretary of state. The respondent forwarded the bogus articles to the client.

Pursuant to Count II, we find that a client hired the respondent to assist him in evicting two tenants. In one of the cases, the respondent filed suit for possession, but dismissed it so that he could re-file it in another court with a less-congested calendar. The respondent never did re-file the case, but told his client that he had. Subsequently, the respondent prepared an order of eviction, forged the signature of a judge on it, and sent a copy of the bogus order to his client. Similarly, in the second eviction case, the respondent never filed the suit although he informed his client that he did.

As to Count III, we find that the respondent was hired to pursue a personal injury claim on behalf of a couple, but failed to take any action. To hide his neglect, the respondent told his clients that the matter settled after mediation and that they were to receive $300 every two weeks. The respondent then made several bi-weekly payments to his clients from his own funds. Medical providers eventually sued the clients for unpaid bills, resulting in a default judgment being taken against the clients.

Pursuant to Count IV, we find that the respondent was hired to defend a couple against a suit filed against them by a home improvement contractor. The respondent failed to file an answer or other response to the complaint and a default judgment was entered against the couple in the amount of $5,761. Although the respondent admitted to his clients that a default judgment had been entered against them, he falsely informed them that the default judgment had been set aside, that the home improvement contractor had filed for bankruptcy, and that the bankruptcy trustee would return the money to the couple.

Pursuant to Counts V and VI, we now find that two clients hired the respondent to represent them in actions for dissolution of their marriages. After he was retained, the respondent failed to take any action on behalf of either client. Additionally, in both instances, the respondent falsely reported to the client that he had filed the petition for dissolution and in one instance, he told the client that the matter had been settled.

Pursuant to Count VII, we find that in June 1994, a couple hired the respondent to assist them in adopting their grandchild. Although the respondent prepared a petition for adoption and had his clients sign it, he failed to ever file it and took no other action to conclude the matter. He later on several occasions falsely informed the couple that the petition had been filed and that the Court had approved the adoption.

Indiana Professional Conduct Rule 1.3 provides that lawyers shall represent their clients with reasonable diligence and promptness. We find that the respondent failed to act with reasonable diligence or promptness in representing his clients in each of the

seven counts in violation of Ind.Professional Conduct Rule 1.3. Professional Conduct Rule 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. The respondent violated Prof. Cond.R. 8.4(c) by misrepresenting to his clients the status of their legal affairs, by falsifying articles of incorporation and transmitting them to his client, and by forging a judge's signature on a phony order of eviction. Professional Conduct Rule 8.4(b) provides that it is professional misconduct for a lawyer to commit a criminal act which reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects. By forging a judge's signature, the respondent committed a criminal act which reflects adversely on his honesty, trustworthiness and fitness in violation of Prof.Cond.R. 8.4(b). Professional Conduct Rule 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. The respondent's pattern of neglect of clients' cases stymied legal resolution of their affairs and thus violated the rule.

■ Having found misconduct, we now turn to the issue of determining appropriate discipline. Relevant to this analysis are matters which mitigate the respondent's actions. The hearing officer noted that the respondent testified that, shortly after the incidents described above, he was diagnosed with an obsessive-compulsive disorder for which he has sought treatment. The respondent further testified that this condition left him with near "mental paralysis" which prevented him from accomplishing clients' work until he was certain it was without blemish and above reproach. The hearing officer found such testimony credible but attributed only slight mitigating utility to it, based on his conclusion that the respondent allowed the condition to persist for nearly three years to the detriment of clients without ever seeking any type of assistance, treatment, or advice. As an additional mitigating factor, he noted that the respondent expressed remorse for harm he caused his clients, that he fully cooperated with the Commission, and that he has no prior attorney disciplinary record.

We also consider aggravating factors. In this regard, the hearing officer noted that the respondent in large part blamed others for his actions, asserting that a lack of supervision from the senior members of the law firm where he worked was at the root of his problems.

Weighing these factors, the hearing officer recommended a three year suspension with, as a condition of reinstatement in addition to those required by our Admission and Discipline Rule 23(4), demonstration that any psychological disorder has been successfully addressed.

The respondent's acts clearly demonstrate that he cannot currently be entrusted with the sensitive duties and obligations attendant to the practice of law. His neglect was serial in nature and longstanding. In many instances he resorted to elaborate means of deception, such as payment of bogus "settlement" funds and creation of phony court documents, to conceal his neglect. His dishonesty, especially the forging of a judge's signature, casts a more onerous shadow on his actions than neglect standing alone, and implicates more serious character issues. We are swayed somewhat by the absence in the record of any indication that the respondent's misconduct was motivated by the promise of personal gain or some sinister purpose. The fact that greed or spite did not fuel his actions mitigates in his favor but cannot excuse his actions. Regardless of the underlying basis of his misconduct, we are obligated to protect both the public and the profession from further transgressions and thus conclude that a suspension from the practice of law for not less than three years is warranted. Further, we will require that the respondent demonstrate his fitness as an attorney and that any psychological impairment has been successfully addressed prior to reinstatement.

Accordingly, the respondent, Kenneth C. Eager, is hereby suspended from the practice of law for a period of not less than three (3) years, beginning May 21, 1999. At the conclusion of that period, the respondent may petition this Court for reinstatement, provided he pays the costs of this proceeding, demonstrates that he has received successful

assistance for his mental impairment, and demonstrates compliance with the provisions of Admis.Disc.R. 23(4).

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the clerk.

SHEPARD, C.J., and SULLIVAN, SELBY, and BOEHM, JJ., concur.

DICKSON, J., dissents and would disbar.